UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LYNN M. STARR,

      Plaintiff,

  v.

ANDREW SAUL, Commissioner of Social Security,

      Defendant.

18-CV-241
Decision & Order

On February 14, 2018, the plaintiff, Lynn Starr, brought this action under the Social Security Act ("the Act"). She seeks review of the determination by the Commissioner of Social Security ("Commissioner") that she was not disabled. Docket Item 1. On November 12, 2018, Starr moved for judgment on the pleadings, Docket Item 9; on January 28, 2019, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 12; and on February 19, 2019, Starr replied, Docket Item 13.

For the reasons stated below, this Court grants Starr's motion in part and denies the Commissioner's cross-motion.

## BACKGROUND

**I. PROCEDURAL HISTORY**

On April 21, 2016, Starr applied for Supplemental Security Income benefits. Docket Item 8 at 16. She claimed that she had been disabled since January 2, 2016, due to bipolar disorder, depression, back pain, and scoliosis. *Id.* at 16, 165.

On June 21, 2016, Starr received notice that her application was denied because she was not disabled under the Act. *Id.* at 16. She requested a hearing before an administrative law judge ("ALJ"), which was held on June 19, 2017. *Id.* The ALJ then issued a decision on August 1, 2017, confirming the finding that Starr was not disabled. *Id.* at 26. Starr appealed the ALJ's decision, but her appeal was denied, and the decision then became final. *Id.* at 5.

**II. THE ALJ'S DECISION**

In denying Starr's application, the ALJ evaluated Starr's claim under the Social Security Administration's five-step evaluation process for disability determinations. *See* 20 C.F.R. § 404.1520. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant is suffering from any severe impairments. § 404.1520(a)(4)(ii). If there are no severe impairments, the claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or impairments meet or equal an impairment listed in the regulations. § 404.1520(a)(4)(iii). If the

2

claimant's severe impairment or impairments meet or equal one listed in the regulations, the claimant is disabled. *Id.* But if the ALJ finds that none of the severe impairments meet or equal any in the regulations, the ALJ proceeds to step four. § 404.1520(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See* §§ 404.1520(a)(4)(iv); 404.1520(d)-(e). The RFC is a holistic assessment of the claimant—addressing both severe and nonsevere medical impairments—that evaluates whether the claimant can perform past relevant work or other work in the national economy. *See* 20 C.F.R. § 404.1545.

After determining the claimant's RFC, the ALJ completes step four. 20 C.F.R. § 404.1520(e). If the claimant can perform past relevant work, he or she is not disabled and the analysis ends. § 404.1520(f). But if the claimant cannot, the ALJ proceeds to step five. 20 C.F.R. §§ 404.1520(a)(4)(iv); 404.1520(f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); 20 C.F.R. § 404.1520(a)(4)(v), (g). More specifically, the Commissioner bears the burden of proving that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

Here, the ALJ determined at step one that Starr had not engaged in substantial gainful activity since her alleged disability onset date. Docket Item 8 at 18. At step two, the ALJ found that Starr had several severe impairments: chronic obstructive pulmonary disease, bipolar disorder, and obesity. *Id.* At step three, the ALJ determined

3

that none of Starr's impairments met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 20. At step four, the ALJ found that Starr had the RFC "to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except she can perform no more than simple, routine one or two step tasks. The claimant can only work in a controlled environment for temperature and humidity." *Id.* at 21. Finally, at step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Starr can perform with her RFC, such as table worker or stuffer. *Id.* at 24-25.

## **STANDARD OF REVIEW**

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an

4

unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

## DISCUSSION

### I. ALLEGATIONS

Starr objects to the ALJ's RFC determination. Docket Item 9-1 at 7, 10. She specifically argues that the ALJ erred in reaching an RFC that he did not connect to or support with substantial evidence in the record. *Id.* at 8-9. Starr also argues that the ALJ failed to properly develop the record. *Id.* at 10. This Court agrees with her.

### II. ANALYSIS

An ALJ must "conduct a distinct analysis that would permit adequate review on appeal," *Aung Winn v. Colvin*, 541 Fed. Appx. 67, 70 (2d Cir. 2013), and each of the ALJ's conclusions must be supported by relevant medical evidence, *see Talavera*, 697 F.3d at 151. "[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion." *McBrayer v. Sec'y. of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983); *see also Fuller v. Astrue*, 2010 WL 3516935, at *5 (W.D.N.Y. Sep. 7, 2010) ("[A]n ALJ is not free to substitute his own lay opinion for opinions from treating sources."). When an ALJ does "not connect the record evidence and RFC findings" or otherwise "explain how the record evidence supported his RFC findings," the decision leaves the court "with many unanswered questions and does not afford an adequate basis for meaningful judicial review." *Gorny v. Comm'r of Soc. Sec.*, 2018 WL 5489573, at *4 (W.D.N.Y. Oct. 29, 2018). Without "some explanation" from the ALJ "as to the tether between her RFC and the non-stale medical opinions or statements from plaintiff,

5

the RFC [is] based upon her lay analysis of plaintiff's limitations, which is not permitted and requires remand." *Jordan v. Berryhill*, 2018 WL 5993366, at *3 (W.D.N.Y. Nov. 15, 2018).

Here, the ALJ found that Starr's RFC limited her to "simple, routine one or two step tasks," with no other mental limitation. Docket Item 8 at 21. Despite the ALJ's lengthy discussion of the evidence of Starr's mental impairments in the record, it is unclear how he reached that RFC. For example, the ALJ mentioned Starr's hospitalization for an overdose and "history of bipolar disorder and depression," as well as her "[m]ental status examinations [that] were within normal limits." *Id.* at 22-23. But he then simply concluded that the "above evidence supports the above residual functional capacity," without explaining how or otherwise connecting any treatment records to the RFC. *Id.* at 23.

In fact, the ALJ discounted the only statement from a medical source about Starr's mental challenges. Hillary Tzetzo, M.D., opined in June 2016 that there was insufficient evidence with respect to any mental impairment and that a consultative exam was necessary. *Id.* at 314. The ALJ gave that statement "little weight" because there was "little evidence in [the] record at the time" it was made and because "subsequent evidence submitted into the record supported a finding of a medically determinable mental impairment." *Id.* at 24. But the ALJ did not explain what that subsequent evidence was, how it supported such a finding, or why it did not require additional limitations. In fact, other than providing a summary of the evidence and then baldly concluding that it "supports" the RFC, the ALJ explained nothing at all.

6

The Commissioner argues that despite the absence of a medical opinion, the evidence supports the RFC because other evidence supported the ALJ's decision. Docket Item 12-1 at 14. Even if that were true, this case is not one where the Court can "look to other portions of the ALJ's decision and to clearly credible evidence in finding that [the ALJ's] determination was supported by substantial evidence." *Berry v. Schweiker*, 675 F.2d 464, 466-69 (2d Cir. 1982); *see Pellam v. Astrue*, 508 F. App'x 87, 90 (2d Cir. 2013). Here, the ALJ provided no reasoning behind his RFC determination. His conclusory RFC did not link any limitations—or the absence of other limitations—to anything in the medical records. And without **any** analysis connecting the record evidence to the RFC, this Court cannot determine whether the RFC was based on substantial evidence. *See, e.g.*, *Cestare v. Colvin*, 2016 WL 836082, at *4 (W.D.N.Y. Mar. 4, 2016) ("The ALJ's failure to rely on any medical opinion when formulating the RFC is particularly troubling in this case because the ALJ's decision does not articulate clearly the connection between the evidence of record and the mental limitations assessed in the RFC. . . . Under these circumstances, remand is appropriate."); *Cole v. Colvin*, 2015 WL 9463200, at *5 (W.D.N.Y. Dec. 28, 2015) ("after setting forth Plaintiff's RFC, the ALJ merely summarized some of the medical evidence in the record but did not discuss how the evidence to which she referred supported her conclusion that Plaintiff can perform a range of medium exertional work.").

"Although the ALJ reviewed and discussed [Starr's] treatment records, the ALJ did not rely upon any medical source statement or a consultative examination report to assist [him] in translating the treatment notes into an assessment of [Starr's] mental capacity for work-related activities." *Cestare*, 2016 WL 836082, at *3. Nor did the ALJ

7

develop the record to support the RFC he found—for example, by recontacting Starr's providers or by getting an independent psychiatric or psychological review. *See, e.g.*, *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) ("Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record."). Instead, the ALJ's RFC assessment appears to be based on nothing more than the ALJ's lay interpretation of Starr's medical records. That is error. *McBrayer*, 712 F.2d at 799. Therefore, the case is remanded so that the ALJ can reconsider Starr's RFC and support his determination with substantial evidence, by developing the record or otherwise.

## **CONCLUSION**

For the reasons stated above, the Commissioner's motion for judgment on the pleadings, Docket Item 12, is DENIED, and Starr's motion for judgment on the pleadings, Docket Item 9, is GRANTED in part and DENIED in part. The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated: August 23, 2019
        Buffalo, New York

                              *s/Lawrence J. Vilardo*
                              LAWRENCE J. VILARDO
                              UNITED STATES DISTRICT JUDGE